### MADDEN *et al.*, *vs.* JONES *et al.*

COMPLAINT FOR LAND, FROM FLOYD. Homestead. Title. Laws. Statute of Limitation. Prescription. Administrators and Executors. (Before Judge Branham.)

Blandford, J.—1. Upon the death of a father in 1862, leaving a wife and two minor children, the land which he owned at the time of his death vested in them as tenants in common, and if, in 1869, the widow, as head of a family of minor children, made application and had set apart to her as a homestead all of the land left by him, and subsequently, in 1873, conveyed this land with the approval of the Ordinary,

the action of the Ordinary in setting apart the interest of the minor children as a homestead was void, and when the widow conveyed the land, so set apart, she conveyed only her one-third undivided interest in the same, and the purchasers acquired no more. The act of the Ordinary and the sale by the widow being void as to the interest of the children, their rights were not affected thereby, and the act of 1876, which required suits for the recovery of homesteads to be brought in a Court of Equity within six months after its passage, did not bar a suit by the children as heirs of their deceased father.

2. The title to the land of the deceased parent having vested in his heirs upon his death, and a sale of such land under a judgment against his administrator being void on account of uncertainty in the levy, possession for seven years under the sheriff's deed as color of title would not give a prescriptive title against the minors, if they brought suit for their interest in the land upon arriving at age. 43 Ga., 208; 57 Id., 139; 57 Id., 460.

(a.) There are equities in behalf of the purchasers in this case, and upon proper pleadings, the children will be bound to account for all moneys which they may have received, or which may have been expended in their maintainance and education, or which may have been paid by purchasers under the sheriff's sale, whereby the property was protected from the liability of their father, and for any property which they may have received, which was purchased by the money, paid by the defendants for the land in controversy; also for all improvements upon the land, made by the defendants; defendants accounting to them for reasonable rents.

Judgment reversed.

Dean & Ewing, for plaintiffs in error.

Reece & Denney, for defendants.